1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS T. ALFORD,

11          Petitioner,                    No. CIV S-10-1383 JAM DAD P

12      vs.

13   SHASTA COUNTY
     SUPERIOR COURT,                       ORDER AND
14
            Respondent.                    FINDINGS AND RECOMMENDATIONS
15   _____/

16          Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  On June 11, 2010, the undersigned ordered respondent to

18   file and serve a response to the petition.  On August 10, 2010, respondent filed the pending

19   motion to dismiss, arguing that petitioner's habeas petition is second or successive under 28

20   U.S.C. § 2244(b).  Petitioner has filed an opposition to the motion, and respondent has filed a

21   reply.

22                                    **BACKGROUND**

23          On March 12, 1996, petitioner pled guilty to second-degree murder with the use of

24   a firearm in the Shasta County Superior Court.  The court sentenced petitioner to a state prison

25   term of fifteen years to life plus a ten-year enhancement for the use of a firearm.  On December

26   17, 1996, the California Court of Appeal for the Third Appellate District affirmed the judgment

                                            1

1  of conviction.  Petitioner did not seek review in the California Supreme Court.  (Pet. at 2,

2  Resp't's Lodged Docs. 1 & 2.)

3          Petitioner subsequently filed six petitions seeking habeas corpus relief in state

4  court.  Applying the mailbox rule[1], on June 15, 2006, petitioner filed a petition for writ of habeas

5  corpus in the Shasta County Superior Court which was denied on July 24, 2006.  On August 29,

6  2006, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal which

7  was denied on September 28, 2006.  On October 18, 2006, petitioner filed a petition for writ of

8  habeas corpus in the California Supreme Court which was denied on May 9, 2007.  On or about

9  November 24, 2008, petitioner filed a second petition for writ of habeas corpus in the Shasta

10  County Superior Court which was denied on December 30, 2008.  On January 28, 2009,

11  petitioner filed a second petition for writ of habeas corpus in the California Court of Appeal

12  which was denied on March 12, 2009.  Finally, on April 22, 2009, petitioner filed a second

13  petition for writ of habeas corpus in the California Supreme Court which was denied on June 17,

14  2009.  (Resp't's Lodged Docs. 5-16.)

15          Petitioner previously filed a federal petition for writ of habeas corpus in this court

16  challenging his 1996 conviction and sentence.  <u>See</u> No. CIV S-07-1035 GEB DAD P.[2]  On

17  January 4, 2008, the court dismissed that petition as untimely.  On May 26, 2010, petitioner

18  commenced this action by filing the pending petition.

19                     **RESPONDENT'S MOTION TO DISMISS**

20  I.  <u>Respondent's Motion</u>

21          Respondent argues that the court should dismiss the pending petition because it is

22  successive under 28 U.S.C. § 2244(b).  Specifically, respondent argues that prior to filing the

23  pending petition, petitioner filed a petition challenging the same state court conviction and

24  _____

       [1]  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

25
       [2]  A court may take judicial notice of court records.  <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>, 803
26  F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

1 | sentence in this court.  See No. CIV S-07-1035 GEB DAD P.  Respondent notes that this court

2 | dismissed the previously-filed habeas action as untimely.  Respondent contends that the pending

3 | petition challenging the same conviction and sentence must be dismissed because petitioner has

4 | not obtained an order from the Ninth Circuit authorizing him to file a second or successive

5 | petition as required.  (Resp't's Mot. to Dismiss at 3-4.)

6 | II.  Petitioner's Opposition

7 | In opposition to respondent's motion to dismiss, petitioner argues that the habeas

8 | petition now pending before this court is not successive because it contains a new claim that he

9 | was deprived of his right to DNA testing that was not included in his previously-filed federal

10 | petition.   (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1-4.)  Petitioner contends that his DNA

11 | claim arises from a change in the law in 2006, which purportedly grants him an absolute right to

12 | DNA testing.  (Id.)

13 | III.  Respondent's Reply

14 | In reply, respondent reiterates that the court lacks jurisdiction to consider

15 | petitioner's successive petition because he has not obtained the required prior authorization from

16 | the Ninth Circuit.  (Resp't's Reply at 1-2.)

17 | **ANALYSIS**

18 | "A claim presented in a second or successive habeas corpus application under

19 | section 2254 that was not presented in a prior application shall be dismissed . . . ."  28 U.S.C. §

20 | 2244(b)(2).  This is the case unless,

21 | (A) the applicant shows that the claim relies on a new
rule of constitutional law, made retroactive to cases on

22 | collateral review by the Supreme Court, that was previously
unavailable; or

23 |

24 | (B)(i) the factual predicate for the claim could not have
been discovered previously through the exercise of due
diligence; and

25 |

26 | /////

3

1        (ii) the facts underlying the claim, if proven and viewed
in light of the evidence as a whole, would be sufficient to
2        establish by clear and convincing evidence that, but for
constitutional error, no reasonable factfinder would have
3        found the applicant guilty of the underlying offense.

4  28 U.S.C. § 2244(b)(2).  Before filing a second or successive petition in the district court, "the

5  applicant shall move in the appropriate court of appeals for an order authorizing the district court

6  to consider the application."  28 U.S.C. § 2244(b)(3)(A).

7        The court's own records reveal that petitioner previously filed a petition for writ

8  of habeas corpus in this court attacking the same state court conviction and sentence that he seeks

9  to challenge in this habeas proceeding.  See No. CIV S-07-1035 GEB DAD P.  In that

10  previously-filed habeas action, the court dismissed petitioner's application as barred by the

11  AEDPA statute of limitations.  The Ninth Circuit has expressly held "that the dismissal of a

12  habeas petition as untimely constitutes a disposition on the merits and that a further petition

13  challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. §

14  2244(b)."  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).  Here, petitioner has not

15  obtained an order from the Ninth Circuit authorizing the district court to consider a second or

16  successive petition as required to proceed with this habeas action.  Therefore, this court lacks

17  jurisdiction to entertain the now pending petition.  See Burton v. Stewart, 549 U.S. 147, 152

18  (2007).  Accordingly, the instant petition should be dismissed without prejudice to its refiling

19  with a copy of an order from the Ninth Circuit Court of Appeals authorizing petitioner to file a

20  second or successive petition.[3]

21                   **OTHER MATTERS**

22        Respondent has informed the court that Kathleen Dickinson is the Acting Warden

23  of California Medical Facility where petitioner is currently housed and requests that the court to

24

25        [3] Both parties have presented arguments regarding the timeliness of the pending petition in
their briefing on the motion to dismiss.  In light of the recommendation set forth above, however,
26  the court will not reach the merits of the timeliness arguments.

1  substitute Acting Warden Dickinson as respondent in this matter.  Good cause appearing, the

2  court will grant respondent's request.

**CONCLUSION**

4         IT IS HEREBY ORDERED that:

5         1.  Respondent's August 10, 2010 request to substitute Acting Warden Kathleen

6  Dickinson as respondent in this action (Doc. No. 12) is granted; and

7         2.  The Clerk of the Court is directed to amend the docket to reflect that Acting

8  Warden Kathleen Dickinson is the respondent in this action.

9         IT IS HEREBY RECOMMENDED that:

10         1.  Respondent's August 10, 2010 motion to dismiss (Doc. No. 12) be granted;

11         2.  Petitioner's application for a writ of habeas corpus be dismissed without

12  prejudice to its refiling with a copy of an order from the Ninth Circuit Court of Appeals

13  authorizing petitioner to file a second or successive petition; and

14         3.  This action be closed.

15         These findings and recommendations are submitted to the United States District

16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

17  one days after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20  shall be served and filed within fourteen days after service of the objections.  The parties are

21  advised that failure to file objections within the specified time may waive the right to appeal the

22  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  DATED: November 3, 2010.

25  DAD:9

26  alfo1383.157

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE