IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS T. ALFORD,

     Petitioner,                  No. CIV S-10-1383 JAM DAD P

    vs.

SHASTA COUNTY
SUPERIOR COURT,

     Respondent.             ORDER

/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 11, 2011, the court dismissed the petition without prejudice to its refiling with a copy of an order from the Ninth Circuit Court of Appeals authorizing petitioner to file a second or successive petition. On the same day, the court entered judgment and closed the case. Petitioner has filed a motion for reconsideration in light of the United States Supreme Court recent decision in Skinner v. Switzer, __ U.S. __, 131 S. Ct. 1289 (2011).

        As an initial matter the court notes that petitioner's motion for reconsideration is untimely. Under Rule 59(e), a party must file a motion to alter or amend a judgment "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). See also Rule 12, Rules Governing Section 2254 Cases. Here, the court entered judgment on February 11, 2011. Even

1

applying the mailbox rule, petitioner did not file his motion until March 30, 2011, well after the 28-day deadline to file such a motion had expired.

Moreover, even if petitioner had timely filed his motion, he is not entitled to relief. The Ninth Circuit has held that "[a] motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law.'" McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).

Here, petitioner argues that the Supreme Court's recent decision in Skinner is a change in controlling law. To the extent that petitioner believes Skinner effected the outcome of the instant case, he is in error. In Skinner, the Supreme Court merely held that a convicted state prisoner may seek DNA testing of crime scene-evidence by way of a civil rights action brought pursuant to 42 U.S.C. § 1983 and that success in such an action did not necessarily imply the invalidity of the prisoner's conviction and was therefore not Heck-barred. 131 S. Ct. at 1298-99. The Supreme Court's decision in Skinner has no effect on petitioner's ability to bring a second or successive petition in the district court. Under controlling law, before petitioner may file a second or successive petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

To the extent petitioner argues that this court should re-open this case and allow him to proceed with his claim seeking DNA testing as if this action were a civil rights case, he is again in error. Petitioner is advised that this habeas corpus action is now closed. If petitioner wishes to proceed with his claim for DNA testing in a civil rights action, he will need to file a civil rights complaint as required by Rule 3 of the Federal Rules of Civil Procedure. He will also be required to either pay the required filing fee ($350.00) or file an application requesting leave to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a).

1  Accordingly, IT IS HEREBY ORDERED that petitioner's motion for
2 reconsideration is denied.
3 DATED: August 15, 2011

5  /s/ John A. Mendez
6  UNITED STATES DISTRICT JUDGE